**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
THOMAS CHARLES STEMMLE, JR.,
                 Plaintiff,

                 -against-

INTERLAKE STEAMSHIP COMPANY,
                 Defendant.
---------------------------------------------------------X

                               **MEMORANDUM OF**
                               **DECISION & ORDER**
                               15-CV-4937 (ADS)(AYS)

<u>**APPEARANCES:**</u>

**The Lanier Law Firm P.C.**
*Attorneys for the Plaintiff*
6810 F.M.1960 West
Houston, TX 77069
        By: W. Mark Lanier, Esq.
            Charles F Herd, Esq.
            Lawrence Paul Wilson, Esq., Of Counsel

**Kaufman, Dolowich & Voluck, LLP**
*Attorneys for the Defendant*
21 Main Street, Suite 251
Hackensack, NJ 07601
        By: Gino Zonghetti, Esq., Of Counsel

**SPATT, District Judge**.

       This case arises from an action initially brought by the Plaintiff Thomas Charles

Stemmle, Jr. (the "Plaintiff") in the Supreme Court of the State of New York, Nassau County

(the "Nassau County Supreme Court"), against the Defendant Interlake Steamship Company (the

"Defendant"), and subsequently removed by the Defendant to this Court pursuant to 28 U.S.C. §

1441(b).  The Plaintiff alleges that he became ill while working as a seaman on a vessel owned

by the Defendant, and the Defendant failed to provide him with maintenance and cure benefits.

       Presently before the Court is a motion by the Plaintiff to remand this case to Nassau

County Supreme Court pursuant to 28 U.S.C. § 1447(c).  Also before the Court is a cross-motion

by the Defendant for sanctions against the Plaintiff's counsel pursuant to 28 U.S.C. § 1927.

For the reasons set forth below, both motions are denied.

## I. BACKGROUND

On December 9, 2014, the Plaintiff commenced this action by filing a verified complaint in Nassau County Supreme Court against the Defendant. (See Original Compl., Not. of Removal, Dkt. No. 1, Ex. A [the "Original Compl."].) According to the original complaint, the Plaintiff is a Nassau County resident, and the Defendant is a "foreign corporation" with its principal place of business located in Ohio. (Id. at ¶ 3.) The case was assigned to Justice Antonio I. Brandveen.

The complaint stated that for an unspecified period, the Plaintiff was employed by the Defendant as a "Jones Act seaman" on the M/V Mesabi Miner (the "Miner"), a large commercial ship owned by the Defendant. (Id. at ¶¶ 1, 5.) "A Jones Act claim is an *in personam* action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 441, 121 S. Ct. 993, 997, 148 L. Ed. 2d 931 (2001) (citing 46 U.S.C. § 30104).

According to the complaint, on April 30, 2011, while working aboard the Miner, the Plaintiff allegedly became ill with a condition later diagnosed as cardiomyopathy. (Original Compl. at ¶ 7.) He has since undergone two heart surgeries and is presently waiting for a heart transplant. (Id.) Allegedly, the Defendant has not provided the Plaintiff with timely medical care and has refused to reimburse the Plaintiff for his medical expenses. (Id. at ¶ 1.)

In the original complaint, the Plaintiff asserted a claim against the Defendant for maintenance and cure seeking compensation for reimbursement of his medical expenses and additional damages to compensate him for injuries that he sustained as a result of the Defendant's alleged delay in providing the Plaintiff with medical benefits. (See id. at ¶ 8.) "A

claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." Lewis, 531 U.S. at 441. That duty "arises from the contract of employment" and "does not rest upon negligence or culpability on the part of the owner or master." Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 527, 58 S. Ct. 651, 653, 82 L. Ed. 993 (1938).

The Plaintiff also asserted the following claims against the Defendant: a claim for detrimental reliance arising from the purported representations made by a representative of the Defendant to the Plaintiff regarding the Defendant's willingness to provide the Plaintiff with coverage for his medical expenses; a claim seeking to the compel the Defendant to provide the Plaintiff with his personnel records; a claim for "additional damages" arising from the Defendant's alleged failure to provide the Plaintiff with prompt maintenance and cure benefits; a claim for attorneys' fees and punitive damages; and a claim for lost wages.

The Plaintiff sought damages, which the complaint specified exceeded $75,000; attorneys' fees; pre and post-judgment interest; punitive damages; costs; and other relief authorized in admiralty law and in equity to which the Plaintiff is "justly entitled." (Id. at ¶ 30.) Also, the Plaintiff requested a jury trial.

Of importance, the complaint contained the following statement with regard to jurisdiction:

> By virtue of [the] Plaintiff's status and claims as a Jones Act seaman, and the seaman-related claims asserted herein, Plaintiff would show that his claims are properly brought in state court pursuant to the 'Savings to Suitors' clause, 28 U.S.C. Section 1333. Under this Savings to Suitors clause, a plaintiff can elect to file his maritime case in any court that has jurisdiction over the parties and the subject matter, including state courts. Moreover, Plaintiff's causes of action, which at his election under the Savings to Suitors clause may be filed in state court, are not removable to federal court . . . . A Jones Act seaman's claims filed in state court are not removable — under either federal question jurisdiction or diversity jurisdiction.

(Id. at ¶ 4.)

On February 10, 2015, the Defendant filed a motion to dismiss the original complaint pursuant to Rule 3211(8) of the New York Civil Practice Law and Rules (the "CPLR") for lack of personal jurisdiction. (Def.'s Mot. to Dismiss, Zonghetti's Sept. 10, 2015 Aff., Ex. C, at 1–10 [the "Def.'s Mot. to Dismiss"].) In addition, the Defendant moved under Rule 3211(7) of the CPLR to dismiss the Plaintiff's second and third causes of action for detrimental reliance and failure to provide necessary documents. (Id. at 11.) The Defendant contended that there are no such causes of action under general maritime law. (Id.) He further moved to dismiss the Plaintiff's sixth cause of action for unearned wages pursuant to Rule 3211(1) of the CPLR because he argued that documentary evidence resolved all factual issues and conclusively disposed of the Plaintiff's claim. (Id. at 12–13.) Finally, he asserted that the three-year statute of limitations under the Jones Act applied to the Plaintiff's claims for maintenance and cure benefits, and therefore, the Plaintiff's first, fourth, and fifth causes of action for such benefits and related relief were time-barred. (Id. at 13–14.)

On April 29, 2015, the Plaintiff filed an amended complaint. (See Am. Compl., Not. of Removal, Dkt. No. 1, Ex. B [the "Am. Compl."].) The amended complaint removed the causes of action from the original complaint for detrimental reliance, failure to provide necessary documents, and unearned wages. (See id.) Thus, the amended complaint asserted claims solely for maintenance and cure benefits, attorneys' fees, and punitive damages. (See id.) As in the original complaint, the amended complaint referred to the Plaintiff as a "Jones Act seaman." (Id. at ¶ 4.) In the amended complaint, the Plaintiff also continued to assert that his claims were not removable to federal court." (Id.)

On May 1, 2015, the Plaintiff filed an affirmation in opposition to the Defendant's motion to dismiss. (See the Pl.'s Opp'n to the Def.'s Mot. to Dismiss, Zonghetti's Sept. 10, 2015 Aff., Ex. B, at 1–10 [the "Pl.'s Opp'n to the Def.'s Mot. to Dismiss"].) In it, the Plaintiff asserted that the Nassau County Supreme Court had personal jurisdiction over the Defendant because he contended that the Defendant transacted business in New York. (See id. at 2–14.) Of importance, he also asserted that the three-year statute of limitations period under the Jones Act was not applicable to his maintenance and cure claim because he contended that he "pled a claim for maintenance and cure irrespective of [the Defendant's] negligence." (Id. at 15.) Instead, he argued that a six-year limitations period for contract actions was applicable to his maintenance and cure claims. (Id. at 14–15.)

On May 8, 2015, the Defendant filed a memorandum in further support of its motion to dismiss the original complaint, re-iterating its assertion that the Nassau County Supreme Court lacked personal jurisdiction. (See the Def.'s Reply Mem. of Law in Support of its Mot. to Dismiss, Zonghetti's Sept. 10, 2015 Aff., Ex. C. [the "Def.'s May 8, 2015 Reply Mem. of Law"].) In addition, the Defendant asserted that the Plaintiff brought his maintenance and cure claims under the Jones Act and therefore, the three-year statute of limitations for Jones Act claims, not the six-year limitations period for contract actions, applied to the Plaintiff's claims. (Id. at 16.) Finally, the Defendant contended that the Plaintiff's separate cause of action for punitive damages failed as a matter of law. (Id. at 17.)

On July 28, 2015, Justice Brandveen signed a short form order denying the Defendant's motion to dismiss the amended complaint (the "July 28, 2015 Order"). (See the July 28, 2015 Order, Not. of Removal, Dkt. No. 1, Ex. C [the "July 28, 2015 Order"].) In so doing, he determined that the Plaintiff had met his burden in establishing that the Defendant transacted

business in New York so that the Nassau County Supreme Court could exercise personal jurisdiction over it. (Id. at 2–4.) In addition, Justice Brandveen applied the six-year statute of limitations for contract actions rather than the three-year statute of limitations for Jones Act actions to the Plaintiff's maintenance and cure claims. (Id. at 2.) Accordingly, he found that the Plaintiff's claims were not time-barred. (Id.)

On July 31, 2015, the Nassau County Clerk's Office entered the July 28, 2015 Order. (See Zonghetti's Sept. 10, 2015 Aff., Ex. F.)

On August 21, 2015, the Defendant filed a notice of removal pursuant to 28 U.S.C. § 1441 ("Section 1441") removing this case from Nassau County Supreme Court to this Court on the basis of diversity of citizenship jurisdiction.

In turn, the Court will address the Plaintiff's motion to remand this case back to Nassau County Supreme Court, and the Defendant's cross-motion for sanctions.

## II. DISCUSSION

### A. As to the Plaintiff's Motion for Remand

#### 1. The Legal Standard

Once a defendant files a notice of removal, Section 1447(c) authorizes a plaintiff within thirty days to make a motion to remand the case back to state court "on the basis of any defect." 28 U.S.C. § 1447(c). The statute also authorizes a plaintiff to move for a remand for lack of subject matter jurisdiction at any time before the final judgment. Id.

"[T]he defendant has the burden of establishing that removal is proper." United Food Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (alteration added). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the

independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu–Rob Enters., Inc., 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

Here, the Plaintiff argues that the Defendant's notice of removal is defective because it was not timely, and the Defendant waived its right to removal by filing a motion to dismiss the original complaint in Nassau County Supreme Court.

28 U.S.C. § 1446 ("Section 1446") governs the timeliness of removal and delineates two periods for removal. "The first statutory provision requires that a defendant file its notice of removal within 30 days of the service or receipt of the initial pleading." Cutrone v. Mortgage Elec. Registration Sys., Inc., 749 F.3d 137, 142 (2d Cir. 2014) (citing 28 U.S.C. § 1446(b)(1)). "The second section provides that if the case is not immediately removable, the defendant may file a notice of removal within 30 days of receiving 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Id. (quoting 28 U.S.C. § 1446(b)(3)).

The Second Circuit has stated that "[a] case is removable when the initial pleading 'enables the defendant to 'intelligently ascertain' removability from the face of such pleading." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001) (quoting Richstone v. Chubb Colonial Life Ins., 988 F. Supp. 401, 402-03 (S.D.N.Y. 1997)). Further, "[a] pleading enables a defendant to intelligently ascertain removability when it provides 'the necessary facts to support [the] removal petition.'" Id. (alteration in original) (quoting Rowe v. Marder, 750 F.Supp. 718, 721 (W.D. Pa. 1990)).

If removability is not apparent from the allegations in the initial pleading, then a court must determine whether "an amended pleading, motion, order or other paper" allowed the defendant to "ascertain that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3)); see also Berera v. Mesa Med. Grp., PLLC, 779 F.3d 352, 364 (6th Cir. 2015) ("If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable.") (citation omitted).

"The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope." 14C Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 3731 (4th ed. 2009). Thus, for example, courts have held that a reply memorandum or an affidavit can constitute "other papers" that trigger the 30-day removal clock provided that those papers disclose facts sufficient to show that the case is removable to federal court. See, e.g., Callen v. Callen, 827 F. Supp. 2d 214, 216 (S.D.N.Y. 2011) (finding that reply affidavits triggered the 30-day clock because the affidavits disclosed facts sufficient to determine that complete diversity of citizenship existed); Collins v. Landau, No. 3:10CV588 (JBA), 2010 WL 5069907, at *3 (D. Conn. Dec. 3, 2010) ("[I]t is undisputed that discovery responses may constitute such 'other paper,' a term which is read broadly."); Wells Fargo Bank v. Jones, 733 F. Supp. 2d 741, 743 (N.D. Tex. 2010) (finding that the 30-day clock was triggered at the latest by the filing of an affidavit and notice of appeal which made clear the nature of the plaintiff's claims).

However, to trigger the 30-day clock for removal, the amended pleading, motion, order or other paper "must provide[] facts explicitly establishing removability or allege[] sufficient

information for the defendant to ascertain removability." <u>Cutrone</u>, b). Thus, the court must determine "whether that document, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." <u>Walker v. Trailer Transit, Inc</u>., 727 F.3d 819, 825 (7th Cir. 2013).

In addition to the timeliness requirements, some courts have held that a defendant that makes a dispositive motion in the underlying state court proceeding prior to filing a notice of removal waives the right to remove the case to federal court. <u>See</u> <u>Hill v. Citicorp</u>, 804 F. Supp. 514, 517 (S.D.N.Y. 1992) ("In cases removed under section 1446, defendants who have filed a removal petition within the thirty-day limit may nevertheless waive their right to remove where they demonstrate an intention to litigate in the state forum."); <u>Heafitz v. Interfirst Bank of Dallas</u>, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) ("[I]f a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.") (quoting <u>Bolivar Sand Co., Inc. v. Allied Equipment, Inc.</u>, 631 F.Supp. 171, 173 (W.D. Tenn. 1986)).

However, courts that have recognized this waiver exception to removal have tended to limit the exception to "extreme situations" in which a defendant's actions evince a "clear and unequivocal" intent to remain in state court. <u>Grubb v. Donegal Mut. Ins. Co.</u>, 935 F.2d 57, 59 (4th Cir. 1991); <u>see also</u> <u>In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.</u>, 399 F. Supp. 2d 356, 366 n.57 (S.D.N.Y. 2005) ("While a 'federal court is bound to consider the stage of the state court litigation in ruling on a motion to remand' the mere fact that an action has progressed in state court does not require remand absent some other basis.") (quoting <u>Zbranek v. Hofheinz</u>, 727 F. Supp. 324, 326 (E.D. Tex. 1989)).

Where a defendant makes a dispositive motion to dismiss a complaint in the state court proceedings before it is apparent that the plaintiff's claims are removable, courts have declined to find that the defendant waived its right to removal. See MTBE Products Liab. Litig., 399 F. Supp. 2d at 366 n.57 ("[I]t is obvious that a defendant's acts in the state court, taken before the case became removable or before the defendant was able to determine that the case was removable, cannot be taken as a waiver of the right to remove.") (quoting parenthetically Adams v. Lederle Labs., 569 F.Supp. 234, 247 (W.D. Mo. 1983)); Richstone v. Chubb Colonial Life Ins., 988 F. Supp. 401, 403 (S.D.N.Y. 1997) ("The grounds raised in Chubb's motion to dismiss in state court do not indicate that Chubb had any reason to know at that point that the action was removable. Accordingly, even though Chubb filed a motion to dismiss in state court, it did not waive its right to remove to federal court, and remand is therefore inappropriate in this case.").

**2. As to Timeliness**

In order to determine whether the Defendant's notice of removal was timely filed under Section 1446, the Court must resolve two questions: first, whether the original complaint enabled the Defendant to "intelligently ascertain" the removability of the Plaintiff's claims; and second, whether the amended complaint or "any other paper" filed in Nassau County Supreme Court provided the necessary facts to support the Defendant's removal petition.

**a. As to the Original Complaint**

As discussed above, Section 1446(b)(1) requires that that a defendant file its notice of removal to federal court within thirty days of service or receipt of the initial pleading. However, in order for the initial pleading to trigger the 30-day removal period, the pleading must provide facts explicitly establishing that the case is removable to federal court or allege sufficient information for the defendant to ascertain that the action is removable.

10

In the present case, it is undisputed that the Defendant did not remove this case to federal court within thirty days of the service or receipt of the original state court complaint. Nevertheless, the Defendant asserts that it was not ascertainable from the original complaint that the Plaintiff's claim for maintenance and cure was removable because the Plaintiff appeared to be asserting a Jones Act claim, and such claims are not removable to federal court. (See the Def.'s Opp'n Mem. of Law, Dkt No. 6, at 3–4.)

In response, the Plaintiff contends it was apparent from the face of the original complaint that he was not asserting a Jones Act claim for negligence, but rather, a claim for maintenance and cure benefits under general maritime law that was removable. (See the Pl.'s Mem. of Law, Dkt. No. 5–4, at 5–6.) The Court disagrees.

Section 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

Thus, in order for a civil action to be removable under Section 1441(a), the court must have original jurisdiction over the action, and Congress must not have expressly made the action non-removable by statute. As relevant here, 28 U.S.C. § 1331 confers original jurisdiction to federal courts over "all civil actions arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction. 28 U.S.C. § 1332 confers original jurisdiction to federal courts over all civil actions where (i) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (ii) "is between . . . citizens of different states," also known as diversity of citizenship jurisdiction.

If a plaintiff asserts a claim that is not removable by statute, Section 1441(c) provides an additional basis for removal provided that a plaintiff also asserts a claim that presents a federal question under Section 1331.  See 28 U.S.C. § 1441(c) ("If a civil action includes--(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).").

Here, the parties do not dispute that it is clear from the face of the original complaint that there is diversity of citizenship because the complaint states that the Plaintiff resides in Nassau County, and the Defendant is a foreign corporation with its principal place of business in Ohio. (See Orig. Compl. at ¶¶ 2–3, 29.)  Normally, such allegations would be sufficient to render the case removable under Section 1441(a) and to trigger the thirty-day period for removal.  See Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010) ("'In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party. While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability.'") (quoting Whitaker, 261 F.3d at 206).

However, where a plaintiff asserts a claim under the Jones Act, the claim cannot be removed to federal court under Section 1441(a) even if diversity of citizenship exists.  See Lewis, 531 U.S. at 455, 121 S. Ct. at 1004 ("[A] Jones Act claim . . . is not subject to removal to federal court even in the event of diversity of the parties.") (alteration added).  That is because

12

the Supreme Court has held that the Jones Act incorporates the general provisions of the Federal

Employers' Liability Act 45 U.S.C. § 56, including 28 U.S.C. § 1445(a), which bars removal of

all FELA actions.  See Harrington v. Atl. Sounding Co., 602 F.3d 113, 120 (2d Cir. 2010)

("[S]imilar language in 28 U.S.C. § 1445(a) applies to the FELA and renders Jones Act cases

non-removable."); see also Lackey v. Atl. Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993) ("It is

axiomatic that Jones Act suits may not be removed from state court because 46 U.S.C. App. §

688 (the Jones Act) incorporates the general provisions of the Federal Employers' Liability Act,

including 28 U.S.C. § 1445(a), which in turn bars removal.").

Similarly, the Supreme Court has held that general maritime claims, such as claims for

maintenance and cure, do not present federal questions for purposes of Section 1331.  See Perez

v. Hornbeck Offshore Transp., LLC, No. 10 CV 1402 SJ MDG, 2011 WL 1636244, at *3

(E.D.N.Y. Apr. 28, 2011) ("The Supreme Court refused to expand the scope of federal question

jurisdiction under 28 U.S.C. § 1331 to include admiralty claims 'out of concern that saving to

suitors actions in state court would be removed to federal court and undermine the claimant's

choice of forum.'") (quoting Lewis, 531 U.S. at 455); see also Romero v. Int'l Terminal

Operating Co., 358 U.S. 354, 368, 79 S. Ct. 468, 478, 3 L. Ed. 2d 368 (1959) ("Not only does

language and construction point to the rejection of any infusion of general maritime jurisdiction

into the Act of 1875, but history and reason powerfully support that rejection.").

Accordingly, even where general admiralty claims are joined with Jones Act claims, the

action is not removable under Section 1441(c) because general admiralty claims do not present

federal questions under Section 1331.  See California Pub. Employees' Ret. Sys. v. WorldCom,

Inc., 368 F.3d 86, 99 n. 13 (2d Cir. 2004) ("[T]he current version of 28 U.S.C. § 1441(c) only

permits removal of generally nonremovable claims when they are joined with a claim that falls

within the federal question jurisdiction conferred by 28 U.S.C. § 1331. Thus, a claim that meets the requirements for diversity jurisdiction such as the maintenance and cure claim in Gonsalves could no longer satisfy Section 1441(c).").

In the present case, complaint refers to the Plaintiff as a "Jones Act seaman" and states that "[a] Jones Act seaman's claim filed in state are not removable – under either federal question jurisdiction or diversity jurisdiction." (Original Compl. at ¶ 4.) Based on these references to the Jones Act, the Court finds that it was reasonable for the Defendant to believe that the Plaintiff was asserting a Jones Act claim and therefore, his claims were not removable to federal court. Under these circumstances, the removal clock under Section 1446(b)(1) would not be triggered by the filing of the original complaint because it was not reasonably ascertainable from the original complaint that the Plaintiff's claims were subject to removal.

Nevertheless, the Plaintiff claims that it is clear from the face of the complaint that he did not assert a Jones Act claim because he did not assert a separate cause of action under the Jones Act for negligence. Rather, he asserted a claim for maintenance and cure and purported state law claims for detrimental reliance, punitive damages, attorneys' fees, and the non-payment of wages. (See the Pl's Mem. of Law, Dkt. No. 5–4, at 5.) Thus, the Plaintiff contends that the Defendant should have removed the case 30-days after the service of the original complaint because it was reasonably ascertainable from the face of the original complaint that he was not asserting a claim under the Jones Act and therefore, the case was removable on the basis of diversity jurisdiction. (See id.) The Court disagrees.

The Plaintiff's argument is based on the faulty premise that a seaman can *only* assert a Jones Act claim for negligence and not a Jones Act claim for maintenance and cure. However, the Supreme Court has explicitly rejected this premise. Maintenance and cure is a traditional

admiralty remedy which was "designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S. Ct. 997, 1000, 8 L. Ed. 2d 88 (1962); see also Atl. Sounding Co. v. Townsend, 557 U.S. 404, 413, 129 S. Ct. 2561, 2568, 174 L. Ed. 2d 382 (2009) ("[T]he legal obligation to provide maintenance and cure dates back centuries as an aspect of general maritime law[.]").

The Jones Act provides in relevant part:

A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer[.]

46 U.S.C. § 30104.

According to the Supreme Court, "[t]he Jones Act . . . created a statutory cause of action for negligence, but it did not eliminate pre-existing remedies available to seamen for the separate common-law cause of action based on a seaman's right to maintenance and cure." Atl. Sounding Co. v. Townsend, 557 U.S. 404, 415–16, 129 S. Ct. 2561, 2570, 174 L. Ed. 2d 382 (2009). Rather, the Jones Act "bestows upon the injured seaman the right to 'elect' to bring a Jones Act claim, thereby indicating a choice of actions for seamen." Id.

Thus, a seaman who is injured at sea in the course of his service to a ship can assert a claim for maintenance and cure under the Jones Act against the ship owner or he can choose to bring a claim for maintenance and cure against the ship owner under general maritime law. See id. at 422–23 n.10, 129 S. Ct. at 2574 ("[I]n some cases, a violation of the duty of maintenance and cure may also give rise to a Jones Act claim."); Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L. Ed. 368 (1932) (A seaman's "cause of action for personal injury

created by the [Jones Act] may have overlapped his cause of action for breach of the maritime duty of maintenance and cure . . . . In such circumstances it was his privilege, in so far as the causes of action covered the same ground, to sue indifferently on any one of them"); Mims v. Deepwater Corrosion Servs., Inc., 90 F. Supp. 3d 679, 688 (S.D. Tex. 2015) ("Under the Jones Act *and* general maritime law, a seaman injured while working in service of his ship, regardless of any negligence on his own part, is entitled to recover from his employer or the ship owner maintenance and cure benefits from the date of his injury up until the time of maximum medical cure.") (emphasis added); In re Asbestos Products Liab. Litig. (No. VI), No. 02-MD-875, 2014 WL 3353044, at *9 (E.D. Pa. July 9, 2014) ("[I]t is well established that, notwithstanding the substantive overlap between general maritime claims and claims under the Jones Act, a seaman is permitted to seek remedies under both sources of law.").

Different substantive and procedural consequences result from a seaman's election to bring a maintenance and cure claim under general maritime law versus bringing his or her claim under the Jones Act. For example, "a seaman asserting a Jones Act claim must show that his employer was negligent, . . . while a seaman proceeding under general maritime law may recover compensatory damages without establishing fault[.]" Townsend, 557 U.S. at 427, 129 S. Ct. at 2576 (Alito, J., dissenting). In addition, and importantly, if the seaman chooses to assert a Jones Act claim in state court, his or her claim will not be removable even where there is diversity of citizenship. See Lewis, 531 U.S. at 455, 121 S. Ct. at 1004 ("[A] Jones Act claim . . . is not subject to removal to federal court even in the event of diversity of the parties.") (alteration added). By contrast, if the seaman chooses to assert a claim under general maritime law in state court, the claim may be removable if there is diversity jurisdiction. See In re Eckstein Marine Serv. L.L.C., 672 F.3d 310, 315–16 (5th Cir. 2012) ("[A] plaintiff may elect to bring admiralty

and maritime claims in state rather than federal court.  These cannot be removed in the absence of diversity unless there exists some basis for jurisdiction other than admiralty.") (internal quotation marks and citations omitted).

Here, the original complaint alleged that the Plaintiff became ill while working onboard the Miner and suffered a personal injury as a result of the Defendant's willful refusal to provide maintenance and cure.  In view of the fact that the Plaintiff alleges that he was injured as a result of the Defendant's alleged refusal to provide maintenance and cure, he had the choice to seek the remedy of maintenance and cure under general maritime law or under the Jones Act.

As described earlier, the complaint refers to the case as a "Jones Act seaman's personal injury case."  (Original Compl. at ¶ 1.)  In addition, in the jurisdiction section of the complaint, the Plaintiff alleges that his "Jones Act seaman's claims filed in state court are not removable – under either federal question jurisdiction or diversity jurisdiction."  (Id. at ¶ 4.)  Had he intended to assert his claim under general maritime law, his claims could have been removable under diversity jurisdiction.  The fact that he explicitly asserted that his claims were *not* removable under the Jones Act provides clear support for the Defendant's belief that the Plaintiff was asserting a Jones Act claim for maintenance and cure, and therefore, his claims were not removable.  For this reason, the Court finds that it was not reasonably ascertainable from the original complaint that the Plaintiff's claims were removable to federal court.  Accordingly, the Defendant was not required to file a notice of removal within 30-days of receiving the original complaint.  See Cutrone,, 749 F.3d at 146–47 ("If a complaint is vague, indeterminate, or otherwise fails to convey these jurisdictional predicates, the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.").

**b. As to the Amended Complaint and Subsequent Filings**

As discussed earlier, under Section 1446(b)(3), even "if the case is not immediately removable, the defendant may file a notice of removal within 30 days of receiving 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Cutrone, 749 F.3d at 142 (quoting 28 U.S.C. § 1446(b)(3)).

The standard for judging whether "an amended pleading, motion, order or other paper" triggers the 30-day removal period is the same as the standard for determining whether the initial pleading triggers the removal period — namely, the Court must determine whether a defendant could reasonably ascertain from that document, in combination with the original pleading and other documents, that the case is removable. See id. at 143

In that regard, courts have held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002); accord Cutrone, 749 F.3d at 146 (requiring the complaint or other document provide "specific and unambiguous notice that the case satisfies federal jurisdictional requirements" in order to trigger the 30-day removal period).

In the present case, the Plaintiff asserts that the Defendant could reasonably ascertain that the case was removable from the amended complaint and his opposition to the Defendant's motion to dismiss, and therefore, the Defendant should have removed this case to federal court within 30 days of receiving those two documents. As it is undisputed that the Defendant filed a notice of removal more than thirty days after receiving these two documents, the Plaintiff

contends that the Defendant's removal is untimely under Section 1446(b)(3).  (See the Pl.'s Mem. of Law, Dkt. No. 5–4, at 5.)

The Defendant asserts that it was not reasonably ascertainable from either the amended complaint or the Plaintiff's opposition to the Defendant's motion to dismiss that the Plaintiff was not asserting a Jones Act claim.  (See the Def.'s Opp'n Mem. of Law, Dkt. No. 6, at 9.)  Rather, the Defendant contends that it was not until Justice Brandveen issued the July 28, 2015 Order declining to apply the Jones Act statute of limitations to the Plaintiff's maintenance and cure claim that it became sufficiently clear that the Plaintiff was not asserting a Jones Act claim.  (See id.)  As the Defendant filed a notice of removal on August 21, 2015, within 30 days of the July 28, 2015 Order, it asserts that its notice of removal was timely under Section 1446(b)(3).  The Court agrees.

On February 10, 2015, in the Nassau County Supreme Court, the Defendant filed a motion to dismiss the original complaint, arguing, among other things, that the Plaintiff's claims for detrimental reliance, failure to provide necessary documents, and unearned wages failed as a matter of law; and that the Plaintiff's maintenance and cure claim was time-barred under the three year statute of limitations for Jones Act claims.  (See the Def.'s Mot. to Dismiss at 11–14.)

In response, on April 29, 2015, the Plaintiff filed an amended complaint withdrawing the causes of action from the original complaint for detrimental reliance, failure to provide necessary documents, and unearned wages.  (See Am. Compl.)  However, he did not remove his cause of action for maintenance and cure or the explicit references to the Jones Act.  In particular, like the original complaint, the amended complaint alleged that "[t]his is a Jones Act seaman's personal injury case."  (Id. at ¶ 1.)  He also continued to allege that "[a] Jones Act seaman's claims filed in state court are not removable — under either federal question jurisdiction or diversity

jurisdiction"; and he demanded a jury trial "[b]ased upon his status as a Jones Act seaman." (Id. at ¶¶ 4, 24.)

Despite these clear references to the Jones Act, the Plaintiff contends that the fact he was not intending to assert a Jones Act claim was clear from the amended complaint because he did not allege any claims of negligence, which he states is a requirement under the Jones Act. (See the Pl.'s Reply Mem. of Law, Dkt. No. 7, at 6.)  He further asserts that the allegations in the amended complaint stating that the Plaintiff was a "Jones Act seaman" do not indicate that the Plaintiff was asserting a Jones Act claim because "it was necessary to allege his status as a seaman to be entitled to maintenance and cure." (Id.)  The Court finds both contentions to be without merit.

As discussed earlier, a seaman who suffers a "personal injury as a result of the willful refusal to provide maintenance and cure" may bring a claim against ship owner under the Jones Act or under general maritime law.  Atl. Sounding Co., 557 U.S. at 426 (Alito, J, Dissenting); see also Mims., 90 F. Supp. 3d at 688 (same).  Here, the amended complaint alleged that the Defendant's failure to provide maintenance and cure was "willful" and resulted in personal injuries to the Plaintiff.  (See Am. Compl. at ¶¶ 8, 10, 23.)  Therefore, based on the allegations in the amended complaint, the Plaintiff clearly could have brought his claim for maintenance and cure under either the Jones Act or general maritime law.

The Plaintiff is correct that "only seamen are entitled to the benefits of maintenance and cure," and "[t]he standard for determining seaman status for the purposes of maintenance and cure is the same as that established for determining status under the Jones Act."  Hall v. Diamond M Co., 732 F.2d 1246, 1248 (5th Cir. 1984) (citing Stokes v. B.T. Oilfield Services,

Inc., 617 F.2d 1205, 1206 (5th Cir. 1980)). Thus, the allegations that the Plaintiff is a "Jones Act seaman" do not, by themselves, indicate that the Plaintiff was asserting a Jones Act claim.

However, as noted earlier, the amended complaint also referred to this case as a "a Jones Act seaman's personal injury case"; alleged that the Plaintiff's causes of action were "not removable to federal court"; and stated that "a Jones Act seaman's claims filed in state court are not removable — under either federal question or diversity jurisdiction." (Am. Compl. at ¶¶ 1, 4.)

At the very least, the Court finds that these allegations introduced ambiguity as to whether the Plaintiff was intending to assert his claim for maintenance and cure under the Jones Act or assert it under general maritime law. Accordingly, the amended complaint did not provide the kind of clear and unequivocal information necessary to start the removal clock. See DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979) ("If the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design.").

The Plaintiff next contends that the May 1, 2015 affirmation that he filed in opposition to the Defendant's motion to dismiss provided the requisite notice to the Defendant that he was not asserting a Jones Act claim and therefore, the case was removable. (The Pl.'s Reply Mem. of Law, Dkt. No. 7, at 4–6.) Again, the Court disagrees.

In opposition to the Defendant's argument that the Plaintiff's claim was barred under the Jones Act statutes of limitations, the Plaintiff asserted in an affirmation, "The right of a seaman to recover damages for negligent injury arises under the Jones Act and the right to maintenance and cure irrespective of negligence arise under the law of admiralty. Mr. Stemmle has pled a claim for maintenance and cure irrespective of Interlake's negligence." (See the Pl.'s Opp'n to the Def.'s Mot. to Dismiss at 15) (emphasis added). As such, the Plaintiff argued that three-year

21

statute of limitations under the Jones Act did not apply to his claims; rather, he stated that the six-year limitations period for contract actions applied to his claims. (Id.)

However, the Plaintiff's statements suggesting that he was not asserting a Jones Act claim are asserted solely in his legal memorandum in opposition to the Defendant's motion to dismiss. It is well-settled "a party may not amend pleadings through a brief." Kleinman v. Elan Corp., plc, 706 F.3d 145, 153 (2d Cir. 2013) (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); accord Zutty v. Rye Select Broad Mkt. Prime Fund, L.P., 33 Misc. 3d 1226(A), 939 N.Y.S.2d 745 (Sup. Ct. 2011) ("A claim for relief may not be amended by the briefs in opposition to a motion to dismiss.") (internal citation and quotation marks omitted) (collecting cases).

Thus, the Court sees nothing unreasonable in the Defendant relying on the allegations in the amended complaint, which again appear to suggest that the Plaintiff is asserting a Jones Act claim, instead of the statements in the Plaintiff's brief in assessing the nature of the Plaintiff's claim and whether it was removable.

Furthermore, the Plaintiff's opposition memorandum did not provide the kind of clear and unequivocal information necessary to support removability. For example, the Plaintiff's affirmation does not state explicitly that he is *not* asserting a Jones Act claim. Nor does the Plaintiff withdraw the allegations in the amended complaint suggesting that his claim is not removable. Thus, the Court finds that the Defendant still had a colorable argument that the Plaintiff was in fact asserting a Jones Act claim, and it was reasonable for it to refrain from filing a removal notice until Justice Brandveen had an opportunity to resolve the statute of limitations question and potentially clarify the nature of the Plaintiff's maintenance and cure claim. Accordingly, the Plaintiff's May 1, 2015 affirmation did not trigger the 30-day removal period,

as the Plaintiff contends. See Soto v. Apple Towing, 111 F. Supp. 2d 222, 224 (E.D.N.Y. 2000) ("[S]ince removal statutes are construed in favor of remand, it was not unreasonable for defendants to refrain from filing a removal notice upon receipt of such an ambiguous complaint."); see also Cutrone, 749 F.3d at 145 ("[T]he removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff provides facts *explicitly establishing removability* or alleges *sufficient information* for the defendant to ascertain removability.") (emphasis added).

In the July 28, 2015 Order, Justice Brandveen adopted the Plaintiff's argument and declined to apply the Jones Act statute of limitations to the Plaintiff's maintenance and cure claim. (See the July 28, 2015 Order at 2.) In doing so, he appeared to implicitly recognize that the Plaintiff was asserting a claim for maintenance and cure under the general maritime law and not the Jones Act. Thus, the Court finds that the July 28, 2015 Order made it reasonably ascertainable that the Plaintiff was asserting a maintenance and cure claim under general admiralty law, and therefore, his claim was removable on the basis of diversity of citizenship jurisdiction. Accordingly, the Court concludes that it was at this point, after the issuance of the July 28, 2015 Order, that the removal clock began to run.

The Defendant filed a notice of removal in this Court on August 21, 2015, less than thirty days after the issuance of the July 28, 2015 Order. Therefore, the Court holds that the Defendant timely filed his notice of removal under Section 1446(b)(3).

### 3. As to Defendant's Alleged Waiver

Finally with regard to removal, the Plaintiff argues that remand is appropriate because the Defendant filed a motion to dismiss in Nassau County Supreme Court prior to filing a notice of removal and by doing so, waived its right to removal. (See the Pl.'s Mem. of Law, Dkt. No. 5–4,

at 5–6.)  In addition, the Plaintiff also points to the Defendant's reply memorandum as further evidence of the fact that the Defendant intended to litigate in state court and therefore, should be estopped from removing this case to federal court.  (See the Pl.'s Reply Mem. of Law, Dkt. No. 7, at 8.)

In response, the Defendant asserts that it did not waive its right to remove the case because at the time it filed its motion to dismiss and reply papers in support of that motion, the Plaintiff appeared to be asserting a Jones Act claim that was not removable.  (See the Def.'s Mem. of Law, Dkt. No. 6, at 10; the Def.'s Sur-Reply, Dkt. No. 8, at 5–6.)  The Court agrees.

As discussed *supra*, some district courts have found that even if a defendant files a timely notice of removal, "removal might still be improper if defendant manifested an intent to litigate in state court." Heafitz, 711 F. Supp. at 96.  This waiver exception is based on the premise that the 30-day limitations period set forth in Section 1446 is not jurisdictional and therefore, may be waived on a theory of estoppel where a plaintiff takes affirmative steps in state court that are inconsistent with removal, such as, moving in state court to dismiss an action on the merits.  See Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir. 1993) ("The strict time requirement for removal in civil cases is not jurisdictional; rather, 'it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.'") (quoting Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982)); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983) (same); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (same).

Notably, the Second Circuit does not appear to have endorsed a waiver exception to an otherwise timely removal.  In any event, even assuming *arguendo* that there is such a waiver exception to removal, courts have tended to limit the exception to instances where a defendant

makes a dispositive motion in state court *after* it is apparent that the case is removable.  <u>See</u>

<u>Johnson</u>, 2014 WL 5361302 at *5 (D. Md. Oct. 20, 2014) ("For waiver to have occurred, a

defendant must have taken some affirmative action in state court *after its right to remove*

*exists*.'") (emphasis added) (internal quotation marks and citation omitted); <u>Engle v. R.J.</u>

<u>Reynolds Tobacco Co.</u>, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) ("A defendant waives its

right to remove to federal court, *after it is apparent* that the case is removable, by taking 'clear

and unequivocal' actions in state court that manifest its intent to have the matter adjudicated

there.") (emphasis added).

For example, in <u>Richstone v. Chubb Colonial Life Ins.</u>, 988 F. Supp. 401, 404 (S.D.N.Y.

1997), a district court rejected an argument by the plaintiff that the defendant waived its right to

remove the case by filing a motion to dismiss in the state court proceeding because it found that

there was no indication from the defendant's motion to dismiss that it had "any reason to know at

that point that the action was removable."  Accordingly, the court found that even though the

defendant "filed a motion to dismiss in state court, it did not waive its right to remove to federal

court, and remand w[as] therefore inappropriate[.]"  <u>Id.</u>; <u>see also</u> <u>Johnson</u>, 2014 WL 5361302, at

*5 (finding that defendants did not waive their right to removal by filing a motion to dismiss in

state court prior to filing a notice of removal because the motion was addressed to the original

complaint, and it was not ascertainable from original complaint that the case was removable).

Here, as discussed earlier, the original complaint appeared to contain a cause of action

under the Jones Act which precluded removal of the Plaintiff's case.  Thus, the Defendant had no

reason to believe that the Plaintiff's claims were removable at the time that it filed its motion to

dismiss the original complaint.

Similarly, the Plaintiff responded to the Defendant's motion to dismiss by first filing an amended complaint suggesting that he was asserting a Jones Act claim that was not removable; and subsequently, filing a legal affirmation suggesting that he was not bringing a Jones Act claim for statute of limitations purposes but not directly addressing the question of removability.  As discussed earlier, the Court finds that these subsequent filings did not clarify the removability of the Plaintiff's maintenance and cure claims.  Therefore, the Defendant did not manifest an intent to litigate in state court merely by filing a reply brief in support of its original motion to dismiss because at that point, the removability of the Plaintiff's claim was still not reasonably ascertainable.

Heafitz v. Interfirst Bank of Dallas, 711 F. Supp. 92 (S.D.N.Y. 1989), relied on by the Plaintiff, is not to the contrary. In that case, the Federal Deposit Insurance Corporation ("FDIC") intervened in the case as the receiver of the defendant-bank.  Id. at 93.  12 U.S.C. § 1810 authorizes the FDIC to remove any action to which it is a party when it is serving in its capacity as receiver for a national bank.  Id. at 94.  Thus, once the FDIC intervened in the action, the court found it was clear that it had a right to remove the case to federal court.  Id. at 95.  However, instead of filing a notice of removal upon entering the case, the FDIC filed a reply brief in support of a then-pending motion to dismiss.  See id. at 96.  The court found that this affirmative action indicated that the "FDIC was actively seeking a decision on the merits" in state court and therefore, waived its right to remove the case to federal court. Id. at 96–97.

Here, by contrast, it was not clear at the time that the Defendant filed a reply brief in support of its motion to dismiss that the Plaintiff was asserting a claim under general maritime law that was removable to this Court or claim under the Jones Act that was not removable.  That is because the amended complaint was ambiguous on this point, and the Plaintiff's legal

affirmation in opposition to the motion to dismiss did not directly address the question of removability. Therefore, the Defendant's decision to file a reply brief in support of its motion to dismiss prior to filing a notice of removal did not indicate its intent to litigate in Nassau County Supreme Court because the Defendant did not have sufficient reason to believe that the Plaintiff's claim was removable.

For these reasons, the Court finds that the Defendant did not waive its right to removal by filing a motion to dismiss and a reply brief in Nassau County Supreme Court.

**B. As to the Motion for Sanctions**

The Defendant cross-moves pursuant to 28 U.S.C. § 1927 ("Section 1927") for monetary sanctions against the Plaintiff's counsel. The Defendant argues that sanctions are warranted because the Plaintiff argued both in state court and in this court that he did not assert a Jones Act claim for negligence when his complaint did in fact contain references to the Jones Act. (See the Def.'s Sur-Reply, Dkt. No. 8, at 4–6.) As such, the Defendant claims that the Plaintiff's arguments in support of his motion to remand this case to state court were "demonstrably false" and therefore, evinced the bad faith required for sanctions under Section 1927. (Id.) The Defendant also point to conduct that the Plaintiff's counsel allegedly undertook in an unrelated case as proof that its conduct in this case is sanctionable. (Id. at 5–6.)

The Court finds the Defendant's cross-motion to be without merit. "A court may award § 1927 sanctions only 'when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (quoting Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009)). "In addition, the court must find bad faith and must provide the attorney notice and an opportunity to be heard." Id. (citation omitted). Conversely, sanctions are

inappropriate where a claim is "colorable," meaning that "it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012) (citing Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 337 (2d Cir. 1999)).

The difference between a maintenance and cure claim under the Jones Act claim and a maintenance and cure claim under the general maritime law claim is the subject of some confusion among lower courts. That is because, as discussed earlier, the remedies and sources of law which give rise to both categories of claims are overlapping. Ultimately, the Court found, based on a close reading of Supreme Court precedent and other lower court decisions, that the Plaintiff's allegations in the amended complaint were ambiguous as to whether he was asserting a Jones Act claim for maintenance and cure. However, it was by no means an easy to question to resolve. Although the Court did not adopt the Plaintiff's timeliness argument, his argument was supported by legal and factual authority and therefore, was far afield from evincing the kind of bad faith conduct which normally warrants sanctions in this Circuit. See Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 341 (2d Cir. 1999) (reversing a sanction imposed under § 1927 and concluding that the attorney's continuation of proceedings was nothing more than "the result of poor legal judgment"); Mitra v. Glob. Fin. Corp., No. 09-CV-4387 (DLI), 2010 WL 5095797, at *5 (E.D.N.Y. Oct. 6, 2010) ("Simply put, while the chances of succeeding in this litigation were extremely slim, given the prior arbitration ruling and Florida District Court decision, the arguments presented were neither patently frivolous nor made for an improper purpose. Consequently, Global has failed to establish that Ginsburg acted in bad faith."), report and recommendation adopted, No. 09-CV-4387 DLI RLM, 2010 WL 5099385 (E.D.N.Y. Dec. 8, 2010).

The Court further finds that the Defendant's description of the conduct of the Plaintiff's counsel in an unrelated to case to be entirely irrelevant to this case and insufficient to establish that the Plaintiff's counsel moved to remand this case for some improper reason. See DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998) ("Section 1927 thus authorizes the imposition of sanctions solely when 'there is a clear showing of bad faith on the part of an attorney.'") (quoting Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996)).

Therefore, the Court finds Defendant has failed to make a clear showing of bad faith on the part of the Plaintiff's counsel and denies its cross-motion for sanctions.

### III. CONCLUSION

For foregoing reasons, Plaintiff's motion to remand this case back to Nassau County Supreme Court is denied; and the Defendant's cross-motion for sanctions is also denied.

The case is referred to United States Magistrate Judge Anne Y. Shields for discovery.

**SO ORDERED.**
Dated: Central Islip, New York
July 27, 2016

    _/s/ Arthur D. Spatt_
    ARTHUR D. SPATT
    United States District Judge